Wood, J.
To sustain this motion, the counsel for the defendant have cited the Bank of Steubenville v. Leavitt et al., 5 Ohio, 207, *258 and the Bank of Steubenville v. Hoge et al., 6 Ohio, 18. In the first, the question was distinctly made, and appears to have been well considered ; numerous authorities cited on which the decision is predicated, and the doctrine unequivocally maintained that such defense may be made at law.
In the latter case, the same point was again before the court, and it is there asserted that when, by the forms of pleading, the evidence is admissible, the defense may as well be made at law as in equity; and delay should not be increased, and the expenses of litigation multiplied, by sending parties into another forum. These decisions, however, are inapplicable to the case at bar. There, the sureties only wore before the court, and it would have been strange, indeed, that any other rule should have been maintained. The pleas were full and perfect answers to the whole declaration.
In the case now before the court, no analogy is perceived. The suit is on a joint obligation. The writ issued against both principal and surety, was served upon both, and the declaration follows the process.
In such a case, at common law, judgment must be against both, or neither, except in the isolated ease of personal privilege, *as infancy, when judgment may be rendered against the adult alone.
This being the common law, and modified by no statute, where the suit is against all, it follows that whether the plea be joint or .several, it must be an answer to the entire cause of action.
If bad in part, it is bad for the whole. The plea in this case is .a bar for Cooch only, while it loaves the cause of action unanswered ..as to Fisher; and, upon the principle before stated, as it is bad for part, it is bad for the whole.
This question was distinctly presented to the court at the last term, on an application for the allowance of a writ of error. The .action was instituted on a note in hcec verba:
“$1,040. Six months after date, we, or either of us, promise to pay E. Farrington, or order, $1,040, for value received.” Signed “ Galway & Myers, Galway, Jr., George Myers.” Plea, the general issue.
On the trial, the defendant, George Myers, offered to prove that ho executed the note as security for the other defendants; that the plaintiif, at the time, knew it; that when the note became duo, the plaintiff, in consideration of the payment by the principals of a large sum of money for usurious int. rest, agreed with them to *259 give further time to pay the note, until, etc. This evidence was rejected by the court, and a bill of exceptions taken. On the application being made for a writ of error, a non allocatur was indorsed by all the judges, on the ground that as the suit was joint, and the matter offered in evidence was not a good defense as to all of the defendants, one of them could not take advantage of it to defeat the action at law, but his remedy was in equity. On this application, it is true, we had not the aid of learned counsel to assist us in our conclusion, but it was, nevertheless, believed to have been well considered.
It is, however, argued by counsel that if the issue were immaterial, and the evidence offered is relevant, the court are bound to receive it, and after verdict award a repleader.
This court never hesitates to arrest the trial at any stage of the proceedings, when it is discovered, if a verdict is taken, *the judgment must be arrested. Any other course would be a useless delay of time, which the technical forms of proceeding should not be suffered to produce, unless in very special cases.
We think the court did not err, and that judgment should be entered on the verdict. Judgment for plaintiff.